UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

      v.                                    CR NO. 1-05-mj-500    (JMF)

**SHAWN YARDE,**

      **Defendant.**

---

## DETENTION MEMORANDUM

    This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. On September 15, 2005, at 8:40 p.m., Drug Enforcement Administration Special Agent Luke Edward McGuire, as well as other law enforcement agents, conducted a traffic stop of a burgundy Chrysler van driven by defendant around the 1300 block of Howard Road, S.E., Washington, DC.

2. The agents learned from defendant that there was a gun under the seat. A loaded Glock semi-automatic pistol was found directly under the driver's seat.

3. Further search of the van revealed over a kilogram of cocaine under the front passenger seat and sixty-three grams of crack cocaine in a compartment to the left

of the front passenger seat.

4. The agents found over two thousand dollars in defendant's right front pant pocket.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Defendant has been charged with possession with intent to distribute cocaine and crack cocaine.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant has been a resident of the Washington metropolitan area for approximately fourteen years. He provided his father's residence in Laurel, Maryland as his current address, as well as his girlfriend's residence in the District of Columbia. He has been employed on and off for the last three years in car sales. He

has three children.

**The weight of the evidence.**  The weight of the evidence is strong.  Defendant was the only person in the van, a large quantity of cocaine was found in that vehicle, a large unexplained quantity of money was found in defendant's pocket, and defendant expressed knowledge of a loaded gun under the driver's seat.

**History relating to drug or alcohol abuse.**  No substance abuse information is available.

**Record concerning appearance at court proceedings and prior criminal record.**  Defendant has two prior convictions in Maryland.  He was convicted in 1995 for possession with intent to distribute and was sentenced to three years of confinement, suspended for two years to nine months, and probation for three years.  He was convicted in 1996 for use of a handgun to commit a felony and was sentenced to five years of confinement, suspended five years, and probation for three years.  Based on the dates of defendant's prior convictions, the second conviction had to have occurred before completion of his sentence under the first conviction.

**Whether on probation or parole at the time of the present offense.**  Defendant does not appear to have been on probation at the time of the present offense.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant, Shawn Yarde, should be detained pending trial.  The presence of the loaded gun, the large quantity of drugs in the vehicle, the amount of money on defendant's person suggest to me that the defendant is engaged in wholesale drug dealing and arms himself to protect himself, his drugs, and his car.  He has two prior convictions.  His second conviction occurred when he would have

still been on probation pursuant to the first conviction, which suggests to me that he would have little respect for the court's requirements if released in this case. Because he proffered little to rebut these findings or the presumption of his dangerousness created by the Bail Reform Act, I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: